UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

Randy W. Chancy
and other similarly situated individuals,

      Plaintiff(s),

v.

Scrappy Thomas, Inc.,
and Brian T. Lewis, individually,

      Defendants,

_____/

## <u>COLLECTIVE ACTION COMPLAINT</u>
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Randy W. Chancy, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Scrappy Thomas, Inc., and Brian T. Lewis, individually, and alleges:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Randy W. Chancy is a resident of Polk County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Scrappy Thomas, Inc. (from now on Scrappy Thomas, or Defendant) is a Florida corporation, having a place of business in Polk County, Florida, where Plaintiff worked for Defendant.

4. The individual, Defendant Brian T. Lewis, was and is now the owner/partner/officer and Manager of Defendant Corporation Scrappy Thomas. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Polk County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Randy W. Chancy as a collective action to recover from the Defendants overtime compensation, retaliatory liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who

worked more than forty (40) hours during one or more weeks on or after July 01, 2019 (the "material time") without being adequately compensated.

7. Defendant Scrappy Thomas is a scrap metal recycling company. Defendants' business is located at 1155 Pebbledale Road, Mulberry, FL 33860, where Plaintiff worked.

8. Defendants Scrappy Thomas and Brian T. Lewis employed Plaintiff Randy W. Chancy as a non-exempted, full-time employee from approximately July 01, 2019, to July 30, 2021, or 116 weeks.

9. Plaintiff had duties as a welder, recycling, and cleaning employee. Plaintiff had a wage rate of $16.00 an hour. Plaintiff's overtime rate should be $24.00 an hour.

10. Plaintiff worked under the supervision of the business owner, Brian T. Lewis.

11. While employed by Defendants, Plaintiff had a regular schedule, he worked 6 days per week. From Monday to Friday, Plaintiff worked from 7:30 AM to 4:00 PM (8.5 hours each day). Plaintiff also worked on Saturdays from 8:30 AM to 8:00 PM (11.5 hours). Thus, Plaintiff worked 6 days per week, a minimum of 54 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

12. Plaintiff worked regularly and consistently a minimum average of 54 hours weekly. However, he was paid for 40 hours or less.

13. Plaintiff worked more than 54 hours per week, but he was not paid for overtime hours.

14. Plaintiff was not allowed to clock in and out personally. Instead, somebody else from the office clocked him in and out. Plaintiff did not have access to check the number of hours he worked, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals and were in complete control of Plaintiff's schedule.

15. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

16. Plaintiff was paid weekly with paystubs that did not show the number of days and the real number of hours worked. Plaintiff was paid around $480.00 weekly. The remaining hours were not paid to Plaintiff at any rate, not even at the minimum wage rate.

17. Plaintiff disagreed with the lack of payment for regular and overtime hours, and he complained verbally to the owner of the business Brian T. Lewis several times.

18. As a result of Plaintiff's complaint, on or about September 21, 2021, Defendant Brian T. Lewis fired Plaintiff, using as a pretext that Plaintiff got sick with COVID-19. Defendants told Plaintiff to go home, but they did not allow him to return to work.

19. Plaintiff RANDY W. CHANCY seeks to recover unpaid regular and overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

20. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

21. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for regular hours and overtime hours worked at the rate of time and one-half his regular rate.

22. This action is intended to include every janitorial and maintenance employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

23. Plaintiff Randy W. Chancy re-adopts every factual allegation stated in paragraphs 1-22 above as if set out in full herein.

24. Defendant Scrappy Thomas was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a scrap metal recycling company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

25. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a welder, recycling, and cleaning employee. Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

26. Defendants Scrappy Thomas and Brian T. Lewis employed Plaintiff Randy W. Chancy as a non-exempted, full-time employee from approximately July 01, 2019, to September 21, 2021, or 116 weeks.

27. Plaintiff had duties as a welder, recycling, and cleaning employee. Plaintiff had a wage rate of $16.00 an hour. Plaintiff's overtime rate should be $24.00 an hour.

28. Plaintiff worked under the supervision of the business owner, Brian T. Lewis.

29. While employed by Defendants, Plaintiff had a regular schedule. He worked 6 days per week an average of 54 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

30. Plaintiff worked regularly and consistently a minimum average of 54 hours weekly. However, he was paid for 40 hours or less.

31. Plaintiff worked more than 54 hours per week, but he was not paid for overtime hours.

32. Plaintiff was not allowed to clock in and out personally. Instead, somebody else from the office clocked him in and out. Thus, Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals, and they knew how many hours Plaintiff was working.

33. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

34. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

35. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

37. Plaintiff is not in possession of time and payment records, but he will provide a reasonable faith estimate based on his recollections and the best of his knowledge. After discovery, Plaintiff will amend his statement of claim accordingly.

a. <u>Total amount of alleged unpaid O/T wages</u>:

Thirty-Eight Thousand Nine Hundred Seventy-Six Dollars and 00/100 ($38,976.00)

b. <u>Calculation of such wages</u>:

Total period of employment: 116 weeks
Relevant weeks of employment: 116 weeks
Total hours worked: 54 hours weekly
Total unpaid O/T hours: 14 overtime hours weekly
Regular rate: $16.00 x 1.5=$24.00 O/T rate

$24.00 x 14 O/T hours=$336.00 weekly x 116 weeks=$38,976.00

c. <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid overtime wages.

38. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

39. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these

overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

40. At times mentioned, individual Defendant Brian T. Lewis was, and is now, the owner/partner/manager of Scrappy Thomas. Defendant Brian T. Lewis was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Scrappy Thomas's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Brian T. Lewis had financial and operational control of the business, determined Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

41. Defendants Scrappy Thomas and Brian T. Lewis willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

42. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Randy W. Chancy and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Randy W. Chancy and other similarly situated individuals and against the Defendants Scrappy Thomas and Brian T. Lewis based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Randy W. Chancy actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Randy W. Chancy demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION:
## FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

43. Plaintiff Randy W. Chancy re-adopts every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

44. Plaintiff Randy W. Chancy brings this action and those similarly situated to recover from the Employers Scrappy Thomas and Brian T. Lewis unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

45. Defendant, Scrappy Thomas was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a scrap metal recycling company. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

46. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a welder, recycling, and cleaning employee. In addition, Plaintiff regularly handled and worked

with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

47. Defendant Scrappy Thomas was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

48. USC §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or

49.  the production of goods for commerce, wages at the following rates:

   (1) except as otherwise provided in this section, not less than—

         (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

         (B) $6.55 an hour, beginning 12 months after that 60th day; and

          (C) $7.25 an hour, beginning 24 months after that 60th day

50. Defendants Scrappy Thomas and Brian T. Lewis employed Plaintiff Randy W. Chancy as a non-exempted, full-time employee from approximately July 01, 2019, to July 30, 2021, or 116 weeks.

51. Plaintiff had duties as a welder, recycling, and cleaning employee. Plaintiff had a wage rate of $16.00 an hour.

52. While employed by Defendants, Plaintiff had a regular schedule. He worked 6 days per week, an average of 54 hours. Plaintiff was unable to take bonafide lunch breaks.

53. Plaintiff worked regularly and consistently a minimum average of 54 hours weekly. However, he was paid for 40 hours or less.

54. There is a substantial number of hours that were not paid to Plaintiff at any rate, not even the minimum wage rate.

55. Plaintiff is not in possession of time and payment records, but he estimated that during his employment with Defendants, he was not paid for an average of 10 regular hours weekly.

56. Plaintiff was not allowed to clock in and out personally. Instead, somebody else from the office clocked him in and out. Plaintiff did not have access to check the number of hours he worked, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals and were in complete control of Plaintiff's schedule.

57. Therefore, Defendants willfully failed to pay Plaintiff for all the regular hours that he worked, in violation of Section 6 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

58. Plaintiff was paid weekly with paystubs that did not show the number of days and the real number of hours worked. Plaintiff was paid around $480.00 weekly. The remaining hours were not paid to Plaintiff at any rate, not even at the minimum wage rate.

59. Plaintiff is not in possession of time and payment records, but he estimated that during his employment with Defendants, he was not paid for an average of 10 regular hours weekly.

60. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

61. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

62. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.4.

63. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's reasonable faith estimate of unpaid wages are as follows:

* Florida's minimum wage is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. Total amount of alleged unpaid wages:

Nine Thousand Nine Hundred Thirty-Seven Dollars and 80/100 ($9,937.80)

b.  <u>Calculation of such wages</u>:

Total weeks of employment: 116 weeks
Total relevant week:  116 weeks
Total hours worked:  + than 40 hours weekly
Total unpaid regular hours: 10 hours weekly average

1.- <u>Unpaid regular wages 2019 – 26 weeks</u>
Florida minimum wage 2019:  $8.46
Unpaid regular hours:  10 weekly average

FL Min. wage $8.46 x $10 hours=$84.60 x 26 weeks=$2,199.60

2.- <u>Unpaid regular wages 2020 – 52 weeks</u>
Florida minimum wage 2020:  $8.56
Unpaid regular hours:  10 weekly average

FL Min. wage $8.56 x 10 hours=$85.60 x 52 weeks=$4,451.20

3.- <u>Unpaid regular wages 2021 – 38 weeks</u>
Florida minimum wage 2021:  $8.65
Unpaid regular hours:  10 weekly average

FL Min. wage $8.65 x 10 hours=$86.50 x 38 weeks=$3,287.00

Total #1, #2, and #3: $9,937.80

c.  <u>Nature of wages:</u>

This amount represents unpaid min. wages at Florida minimum Wage rate.

64. Defendants Scrappy Thomas and Brian T. Lewis unlawfully failed to pay Plaintiff minimum wages.

65. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

66. At times mentioned, individual Defendant Brian T. Lewis was and is now the owner/partner/manager of Scrappy Thomas. Defendant Brian T. Lewis was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Scrappy Thomas's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Brian T. Lewis had financial and operational control of the business, determined Plaintiff's terms and conditions of employment and is jointly and severally liable for Plaintiff's damages.

67. Defendants Scrappy Thomas and Brian T. Lewis willfully and intentionally refused to pay Plaintiff minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants.

68. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## Prayer for Relief

Wherefore, Plaintiff Randy W. Chancy and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Randy W. Chancy and against the Defendants Scrappy Thomas and Brian T. Lewis based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Randy W. Chancy and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;**
**PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS**

69. Plaintiff Randy W. Chancy re-adopts every factual allegation stated in paragraphs 1-22 of this complaint as if set out in full herein.

70. Defendant Scrappy Thomas was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a scrap metal recycling company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

71. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a welder, recycling, and cleaning employee. In addition, Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

72. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

73. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

74. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

75. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

76. Defendants Scrappy Thomas and Brian T. Lewis employed Plaintiff Randy W. Chancy as a non-exempted, full-time employee from approximately July 01, 2019, to July 30, 2021, or 116 weeks.

77. Plaintiff had duties as a welder, recycling, and cleaning employee. Plaintiff had a wage rate of $16.00 an hour. Plaintiff's overtime rate should be $24.00 an hour.

78. While employed by Defendants, Plaintiff had a regular schedule, he worked 6 days per week an average of 54 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

79. Plaintiff worked regularly and consistently a minimum average of 54 hours weekly. However, he was paid for 40 hours or less.

80. Plaintiff worked more than 54 hours per week, but he was not paid for all his regular and overtime hours.

81. Plaintiff was not allowed to clock in and out personally. Instead, somebody else from the office clocked him in and out. Plaintiff did not have access to check the number of hours he worked, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals and were in complete control of Plaintiff's schedule.

82. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

83. Plaintiff was paid weekly with paystubs that did not show the number of days and the real number of hours worked. Plaintiff was paid around $480.00 weekly. The remaining hours were not paid to Plaintiff at any rate, not even at the minimum wage rate.

84. Plaintiff disagreed with the lack of payment for regular and overtime hours, and he complained verbally to the owner of the business Brian T. Lewis several times.

85. Plaintiff complained about missing payment for regular and overtime hours on or about August 27, 2021. Plaintiff complained to Brian T. Lewis and demanded to be paid for all his regular hours and overtime hours. Defendant Brian T. Lewis answered: "We do not pay overtime here."

86. These complaints constituted protected activity under the FLSA.

87. As a result of Plaintiff's complaints, on or about September 21, 2021, Defendant Brian T. Lewis fired Plaintiff using a pretext. Plaintiff contracted COVID-19, and Defendants told Plaintiff to go home, but they did not allow him to return to work after his recovery.

88. At all times during his employment, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

89. There is proximity between Plaintiff's protected activity and his termination.

90. The motivating factor which caused Plaintiff's discharge as described above was his complaint seeking unpaid regular and overtime wages from Defendants. In other words, Plaintiff would not have been discharged but for his complaints about unpaid regular and overtime wages.

91. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

92. At times mentioned, individual Defendant Brian T. Lewis was, and is now, the owner/partner/manager of Scrappy Thomas. Defendant Brian T. Lewis was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Scrappy Thomas's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Brian T. Lewis had financial and operational control of the business, determined Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

93. Plaintiff Randy W. Chancy has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

Prayer For Relief

Wherefore, Plaintiff Randy W. Chancy respectfully requests that this Honorable

Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Scrappy Thomas and Brian T. Lewis that Plaintiff Randy W. Chancy recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b).

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Scrappy Thomas and Brian T. Lewis to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Randy W. Chancy further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Randy W. Chancy demands trial by a jury of all issues triable as of right by a jury.

Dated:  October 20, 2021

Respectfully submitted,

By:  /s/ Zandro E. Palma
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*