UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDY W. CHANCY,

    Plaintiff,

v.                                      CASE NO. 8:21-cv-2467-SDM-CPT

SCRAPPY THOMAS, INC., et al.,

    Defendants.
_____/

## **ORDER**

    For the second time, the parties in this FLSA action jointly move (Doc. 25) for approval of a settlement agreement (Doc. 25-1) under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  The previous settlement agreement did not receive approval because of the inclusion of a "broad 'confidentiality' provision" and of a "general release of claims."  (Doc. 24)  In the new agreement, the parties remove the confidentiality provision and revise the "release of claims."

    But the revisions to the "release of claims" do not cure the clause.  No longer titled a "general" release of claims, the clause releases "any claims that arise out of or are in any way connected with the circumstances surrounding this Lawsuit which exist or might exist against [the defendants]."  In other words, the clause generally releases not just Chancy's FLSA claim but any claim "in any way connected" to his

employment with the defendants, even a claim of which he is not currently aware.[*] Under *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010), this "pervasive release of unknown claims fails judicial scrutiny." The motion (Doc. 25) is **DENIED**.

ORDERED in Tampa, Florida, on October 6, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] Through the settlement, Chancy agrees that he is unaware of any other pending claim he may have against the defendants.